UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FILED
NOV 25 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

Jamie Osuna BD0868
CSP-COR
PO Box 3476
Corcoran, CA 93212,

   Plaintiff,

v.

Woodcut Media, LTD, et al,

   Defendant.

No. 1:25-cv-01437-HBK (PC)

**MOTION TO CORRECT RECORD AND STRIKE ERRONEOUSLY FILED PAGES FROM DOCUMENT 1**

  Plaintiff, Jamie Osuna, CDCR #BD0868, respectfully moves the Court to correct the docket and to strike or re-docket certain pages that were inadvertently included when California State Prison, Corcoran ("CSP–Corcoran") electronically filed his complaint.

## I. BACKGROUND

1. Plaintiff is a state prisoner at CSP–Corcoran. This action asserts claims for defamation, misappropriation of likeness, invasion of privacy, false advertising, and copyright infringement against Woodcut Media, Ltd. and other non–CDCR defendants, arising from a television/media program. It is not a 42 U.S.C. § 1983 conditions-of-confinement case and does not name prison staff or other state actors as defendants.

2. Under the Standing Order between this Court and CDCR, participating institutions, including CSP–Corcoran, electronically file initial pleadings in prisoner civil rights cases involving conditions of confinement under § 1983. The program is designed for such civil rights actions and covers the complaint, in forma pauperis ("IFP") application, and specified motions.

3. Plaintiff initially mailed his complaint and exhibits against Woodcut to the Clerk. The Clerk returned the filing and informed Plaintiff that, because he is housed at CSP–Corcoran, his initial pleading must be submitted through the Prisoner E-Filing Program.

*OSUNA V. WOODCUT, ET AL*
*RE: MOTION TO CORRECT*

CSP–Corcoran staff, however, advised that they could not or would not process the complaint through the program.

4. In response, Plaintiff prepared the complaint package for this Court, explaining the problem: that his case was not within the scope of the Standing Order, that the Clerk would not accept his mailed complaint, and that CSP–Corcoran was refusing to e-file it. He sent those materials to the Court and requested that the complaint be filed.

5. The Court opened a separate miscellaneous docket addressing Plaintiff's request to relieve him from the e-filing requirement and to accept his complaint. In that matter, the Court directed the California Attorney General to respond. The Attorney General conferred with CSP–Corcoran and advised the Court that Plaintiff's materials—including his complaint, exhibits, IFP application, trust account statement, and related paperwork—had been sent to CSP–Corcoran so the institution could electronically submit the complaint to this Court even though it was not a conditions-of-confinement § 1983 case.

6. CSP–Corcoran litigation coordinator Priscilla Williams then scanned and e-filed Plaintiff's materials, which were docketed in this case as Document 1. In addition to the complaint and Exhibits A–D directed at Woodcut, Document 1 includes Plaintiff's IFP application and trust-account statement, which Plaintiff intended only to support IFP status, not as evidentiary exhibits.

7. Document 1 also includes multiple internal CDCR forms and correspondence concerning the e-filing dispute. Specifically, pages 26–31 consist of trust-account records and CDCR Form-22 "Inmate Request for Interview" forms and related memoranda between Plaintiff, the law library, and the litigation coordinator regarding the Prisoner E-Filing Program and prior refusals to file the complaint. These pages concern internal administrative processing and access-to-courts issues and were **not** part of the original complaint or Exhibits A–D that Plaintiff prepared against Woodcut.

8. After CSP–Corcoran completed the scanning and e-filing, Plaintiff was given a copy of the scanned packet. On review, he immediately saw that: (a) pages 26–31 were sheets that were never part of his complaint or exhibits, and (b) the two narrative pages he originally

wrote to explain the e-filing problem did not appear anywhere in Document 1.

9. Plaintiff did not intend the internal CDCR forms, memoranda, or trust-account records to be treated as part of the operative pleading in this case, and he did not request that his two-page narrative be omitted while those internal forms were included. As a result, the docket in this case presents an incomplete and potentially confusing picture of the e-filing dispute and of what constitutes the complaint.

## II. PREJUDICE FROM THE CURRENT RECORD

10. Leaving pages 26–31 embedded in Document 1 as though they were part of the complaint causes concrete prejudice:

   a. **Irrelevance and issue confusion.** The CDCR Form-22s, memoranda, and internal notes about e-filing do not relate to whether Woodcut defamed Plaintiff, misappropriated his likeness, or infringed his copyright. Their inclusion within the complaint PDF suggests that prison-administrative and financial matters are being litigated against Woodcut, when they are not.

   b. **Unclear scope of the pleading.** Because the internal forms appear inside Document 1, it is unclear from the face of the docket which pages comprise the complaint and exhibits and which are merely administrative materials. That ambiguity can complicate later questions about what allegations and exhibits were actually part of the pleading before the Court.

   c. **Risk of unintended waivers.** The internal forms and memoranda arose from Plaintiff's efforts to obtain access to the courts and to comply with the Standing Order. If left embedded in the complaint PDF, they could be misread as waiving or limiting potential access-to-courts or related issues in other proceedings, even though those matters are not at issue here.

   d. **Privacy and financial information.** The trust-account records are relevant only to Plaintiff's IFP status. There is no need for those financial details to remain permanently interwoven with the operative complaint and exhibits in a defamation and copyright case against non-CDCR defendants.

11. The two omitted narrative pages Plaintiff originally prepared did more than describe his efforts and difficulties in obtaining e-filing of this non-§ 1983 case; they also summarized his communications with CSP–Corcoran staff, including/referencing litigation coordinator Priscilla Williams, regarding the application of the Prisoner E-Filing Program to this complaint. Ms. Williams later scanned and submitted the materials that became Document 1. As a result of the omission of those two pages and the inclusion of internal CDCR forms instead, the docket in this case reflects institution-generated correspondence about the e-filing dispute but does not contain Plaintiff's own narrative explanation of those same events.

12. Plaintiff does not ask the Court to vacate the filing date or to restart this action. He seeks only to clarify what constitutes the operative complaint and exhibits and to ensure a clear and accurate record for this Court and for any potential appellate review.

### III. REQUESTED RELIEF

For the reasons stated, Plaintiff respectfully requests that the Court:

1. **Clarify the operative complaint.** Declare that the operative Complaint in this action consists of the pages of Document 1 containing the caption, jurisdiction and venue, parties, factual allegations, causes of action, prayer for relief, and Exhibits A–D directed to Woodcut Media and the other named defendants, and that the internal CDCR forms, memoranda, and trust-account records are not part of the Complaint.

2. **Strike, re-docket, or replace the filing with a true copy.** Direct the Clerk to strike pages 26–31 of Document 1 (trust-account records and CDCR Form-22/internal correspondence regarding the Prisoner E-Filing Program) so that those pages no longer appear on the public docket; or, in the alternative, to re-docket those pages separately as "prison correspondence" or "lodged documents" that are not publicly accessible and are not treated as part of the Complaint; or, in the further alternative, to permit Plaintiff to submit a true and correct copy of his Complaint and exhibits and to deem that substitute filing the operative Complaint while striking or voiding the current erroneous version of Document 1.

3. **Privacy/sealing.** To the extent any trust-account records or internal CDCR materials must remain in the Court's file, direct that they be sealed or appropriately redacted under Federal Rule of Civil Procedure 5.2 and Local Rule 140, so they are not available on the public docket while still preserved in the Court's internal record for any future appellate review.

## IV. CONCLUSION

Plaintiff respectfully asks the Court to grant this Motion, clarify the scope of the operative Complaint, strike or re-docket the mis-filed pages 26–31 of Document 1, and address the two omitted narrative pages as requested above, so that the record in this case is accurate, clear, and complete.

November 20, 2025,

*[signature]*

p.p. Jamie Osuna BD0868